James C. Worthen, #6-3973
Meggan J. Nicholas, #7-4856
Hall & Evans, LLC
152 North Durbin Street, Suite 404
Casper, Wyoming 82601
Telephone: (307)333-6701
Facsimile: (307)333-6352
worthenj@hallevans.com
nicholasm@hallevans.com
*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MATTHEW J. SHERMAN and STACEY BADOUR-SHERMAN, Husband and wife, <br><br>     Plaintiffs, <br><br> v. <br><br> EOG RESOURCES, INC., <br><br>     Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

## NOTICE OF REMOVAL

Defendant, EOG Resources, Inc. ("EOG"), by and through its undersigned counsel, Hall & Evans, LLC, hereby submits the following Notice of Removal of the above-captioned action from Campbell County, Sixth Judicial District Court, State of Wyoming, to the United States District Court for the District of Wyoming pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Fed. R. Civ. P. 81(c),  and states as follows:

### I.    INTRODUCTION

1. Plaintiffs, Matthew J. Sherman and Stacey Badour-Sherman ("Plaintiffs"), initiated this lawsuit on February 26, 2021 against Defendant in the Sixth Judicial District Court for the State of Wyoming, County of Campbell, captioned *Matthew J. Sherman and Stacey Badour-Sherman v. EOG Resources, Inc.,* Civil Action No. 39693, which is now pending in that Court (the "State Action"). (*See* **Exhibit A,** Plaintiffs' Complaint.)

2. Plaintiffs allege that on February 28, 2017, "[w]hile filling up his water truck, Mr. Sherman slipped and fell on the hazardous ice." (**Exhibit A**, ¶ 15).

3. Plaintiffs' Complaint alleges claims under Negligence and Premises Liability, . (*Id.* at ¶¶ 22– 38).

## II. COMPLIANCE WITH THE RULES

4. All procedural requirements related to the removal of this action have been satisfied.

5. Defendant, EOG Resources, Inc., was served on April 20, 2021.

6. This Notice of Removal is filed within twenty (20) days of service of the Plaintiffs' Complaint and Summons on Defendant and is timely pursuant to 28 U.S.C. §§ 1441 and 1446(b).

7. A copy of this Notice of Removal will be filed with the State Action and served upon Plaintiffs' counsel.

8. Pursuant to 28 U.S.C. § 1446(a) and U.S.D.C.L.R. 81.1, copies of the following process, pleadings, and orders that were served upon Defendant or filed in the State Action are attached as follows:

      **Exhibit A**    Complaint and Jury Demand

      **Exhibit B**    Notice of Assignment of Judge

      **Exhibit C**    Summons Issued

      **Exhibit D**    Docket Sheet

9. Pursuant to Fed.R.Civ.P. 81(c), Defendant EOG Resources, Inc. will present its defenses by pleading at the time prescribed herein, and specifically reserves its right to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

10. Defendant EOG Resources, Inc. has complied with all of the requirements of 28 U.S.C. § 1446 and U.S.D.C.L.R. 81.1.

### III. DIVERSITY JURISDICTION

11. This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District Court of Wyoming has diversity jurisdiction under 28 U.S.C. §§ 1441, 1446, and 1332. Federal courts have diversity jurisdiction in lawsuits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

**A.   THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

12. Here, there is complete diversity of citizenship between Plaintiffs and Defendant. Plaintiffs are citizens of Wyoming. (**Exhibit A**, ¶ 2. *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) (finding that "[f]or purposes of diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile.")).

13. Defendant EOG Resources, Inc. is a foreign corporation organized under the laws of the state of Delaware with a principal place of business at 1111 Bagby, Sky Lobby 2, Houston, Texas 77002. (*See* 28 U.S.C. § 1332(c) (holding "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.")).

14. For purposes of federal diversity jurisdiction, the parties are completely diverse pursuant to 28 U.S.C. § 1332(a)(1).

**B.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

15. Based on information and belief, the amount in controversy here exceeds $75,000 as required by 28 U.S.C. § 1332(a).

16. When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 553 (2014). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id*. at 554. The sum demanded in good faith in the initial pleading shall be deemed to the amount in controversy, except that "a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded;" 28 U.S.C. § 1446(c)(2)(A)(ii).

17. Plaintiffs' complaint alleges that the amount in controversy exceeds $50,000.00, which is the jurisdictional minimum for Wyoming State District Courts. (*See* **Exhibit A** ¶ 6.) Plaintiffs seek damages for past and future medical expenses, lost wages and diminished earning capacity; past and future pain and suffering; disability and disfigurement; past and future loss of enjoyment of life; loss of consortium; loss of household services; and punitive damages. The state court permits recovery of damages far in excess of the amount claimed by Plaintiffs.

18. Upon information and belief, the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

19. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant, EOG Resources, Inc., respectfully requests that the action now pending in Campbell County, Sixth Judicial District Court, Docket No. 39693, be removed therefrom to this Court and that all further proceedings be heard in this Court.

DATED this 10th day of May, 2021.

                                             *s/ James C. Worthen*
James C. Worthen, #6-3973
Meggan J. Nicholas, #7-4856
Hall & Evans, LLC
152 North Durbin Street, Suite 404
Casper, Wyoming 82601
Telephone: (307)333-6701
Facsimile: (307)333-6352
worthenj@hallevans.com
nicholasm@hallevans.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May, 2021, I electronically filed the foregoing **Notice of Removal** with the Clerk of Court using the CM/ECF system which will send notification of such filing to parties or counsel registered through ECF. In addition, I hereby certify that I have served via electronic mail the forgoing document to the following non-CM/ECF participants:

Jeremy J. Hugus
Platte River Injury Law
123 South Beech Street
Casper, Wyoming 82601
hugus@platteriverlaw.com

                                             *s/ James C. Worthen*
James C. Worthen