| | | |
|---|---|---|
| STATE OF WYOMING | ) | IN THE DISTRICT COURT |
| | ) ss. | |
| COUNTY OF CAMPBELL | ) | SIXTH JUDICIAL DISTRICT |

MATTHEW J. SHERMAN and  )
STACEY BADOUR-SHERMAN,  )
husband and wife  )
   )
  Plaintiffs,  )
   )
v.  )   Civil Action No. 39693
   )
EOG RESOURCES, INC.,  )
   )
  Defendant.  )

FILED
CAMPBELL COUNTY, WYOMING
FEB 26 2021
DEPUTY CLERK OF THE DISTRICT COURT

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiffs, through counsel, and hereby aver and complain against Defendant as follows:

### I. INTRODUCTION

1. This is a slip and fall case caused by Defendant's negligence. The fall occurred at an EOG Resources, Inc., drilling site in the Powder River Basin on February 28, 2017. As the result of Defendant's negligence, Plaintiff Matthew Sherman sustained substantial damages including bodily injuries, pain and suffering, permanent impairment, low of enjoyment of life, and other damages.

### II. PARTIES, JURISDICTION, AND VENUE

2. Plaintiffs are and were at all times relevant hereto residents of Gillette, Campbell County, Wyoming.

3. Defendant EOG Resources, Inc. is a Delaware for-profit corporation with its primary place of business in Houston, TX and authorized to do business in the State of Wyoming.

No summons provided with this complaint -
Issued: 1) Returned/mailed Platte River Law

**EXHIBIT A**

4.  The negligent acts and statutory violations which give rise to this action occurred in Campbell County, Wyoming.

5.  EOG Resources, Inc. is legally responsible and vicariously liable and responsible for the tortious acts, errors, omissions, and violations of its officers, directors, employees, agents, managerial agents, safety personnel, and supervisors.

6.  This Court has personal jurisdiction over the parties, and jurisdiction is proper in this Court under WYO. STAT. § 5-9-128(a)(i) because Plaintiffs' damages exceed Fifty Thousand Dollars ($50,000.00).

7.  Venue is proper in this Court under WYO. STAT. § 1-5-109 because the acts, events or omissions giving rise to Plaintiff's cause of action occurred in the County of Campbell, State of Wyoming.

### III. FACTS COMMON TO ALL CAUSES OF ACTION

8.  Plaintiffs repeat and fully incorporate all previous paragraphs.

9.  On February 28, 2017, Plaintiff Matthew Sherman was employed by Matt Bett's Trucking as a water hauler.

10. Defendant EOG Resources, Inc. operates, owns, and manages oil and gas drilling sites in Campbell County in the Powder River Basin.

11. On the morning of February 28, 2017, Mr. Sherman arrived at a drilling site in the Powder River Basin owned by the Defendant as part of his job duties.

12. Mr. Sherman parked on a containment mat to fill up his water truck.

13. The containment mat was covered in approximately two inches of ice.

14. No apparent effort had been made to clear the ice or mitigate the hazard through the use of ice melt or sand.

15. While filling up his water truck, Mr. Sherman slipped and fell on the hazardous ice.

16. When Mr. Sherman fell, he slid several feet across the icy mat and his foot was jammed into a post and became bent underneath him.

17. Defendant's management, supervisors, and all employees have the responsibility for ensuring the safety and work conditions, including without limitation, the safety of Plaintiff Matthew Sherman.

18. At the time Mr. Sherman fell, defendant and its employees knew or had reason to know it was hazardous to let ice accumulate on the containment mats on its jobsites.

19. Defendant, through its employees, willfully and knowingly disregarded the need to properly mitigate, remove, and warn about ice buildup to make the jobsite safe, despite its awareness of the high probability that doing so would cause serious injury or death.

20. Defendant failed to train on and follow appropriate or known safety protocols for removing and mitigating ice buildup to make the jobsite safe, despite their awareness of the high probability that failing to do so would cause serious injury or death.

21. As a result of Defendant's negligence and disregard for the consequences of its actions and inactions, Plaintiffs suffered damages more specifically set forth below.

## IV. FIRST CAUSE OF ACTION
### (Negligence)

22. Plaintiffs repeat and fully incorporate all previous paragraphs.

23. Defendant had a duty to ensure it exercised the degree of care which should reasonably be expected of an ordinary careful company under the same or similar circumstances when undertaking to remove ice and snow from the containment mats on its jobsite.

24. Defendant breached this duty by negligently allowing an unnatural accumulation of ice to build up and create an unreasonable hazard on the containment mats at its jobsite where Mr. Sherman fell.

25. Defendant breached this duty and failed to exercise ordinary care by negligently failing to implement and follow appropriate safety procedures and protocols regarding hazardous ice buildup on walking areas in order to makes its work location safe for Mr. Sherman's use.

26. Defendant breached this duty by negligently failing to train and supervise its employees regarding proper ice mitigation and removal and the known dangers associated with the buildup of ice on its containment mats.

27. Defendant's breaches of duty were the direct and proximate cause of Plaintiffs' past, present, and future damages.

28. These damages include but are not limited bodily injuries, pain and suffering, loss of enjoyment of life, bodily impairment, lost wages, permanent scarring and disfigurement, severe emotional distress, psychological trauma, mental anguish, loss of consortium, and other economic and compensatory damages.

29. Defendants' actions, errors, and omissions were willful and wanton, showing reckless disregard of the consequences, and under circumstances and conditions that a reasonable business would know or have reason to know would, with a high degree of probability, result in harm to another.

## V. SECOND CAUSE OF ACTION
(Premises Liability)

30. Plaintiffs repeat and fully incorporate all previous paragraphs

31. Defendant had a duty to use ordinary care to keep the jobsite where Mr. Sherman fell in a reasonably safe condition.

32. Defendant had an affirmative duty to protect and warn its workers and the contractors on its property against dangers it knew about or could have discovered with the exercise of reasonable care.

33. Defendant has had a duty to act as a reasonable business in keeping the premises in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury and the burden of avoiding the risk.

34. Defendant is also liable to Mr. Sherman for his damages because, as the operator of a regulated drill site, it created an expectation of heightened safety for people on its premises including Mr. Sherman and other contractors.

35. Defendant breached these duties by failing to act reasonably in mitigating, removing, and warning Plaintiff about unnatural ice-build up on its containment mats and walkways.

36. Defendant's negligence was the direct and proximate cause of Plaintiffs' past, present, and future damages.

37. These damages include but are not limited to bodily injuries, pain and suffering, loss of enjoyment of life, permanent scarring and disfigurement, severe emotional distress, psychological trauma, mental anguish, loss of consortium, and other economic and compensatory damages.

38. Defendant's actions, errors, and omissions were willful and wanton showing reckless disregard of the consequences, and under circumstances and conditions that a reasonable business would know or have reason to know would, with a high degree of probability, result in harm to another.

## VI. PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully request that this Court enter judgment against the Defendant and award Plaintiffs the following relief, sufficient to compensate them for all injuries, damages, and loss to be determined by the trier of fact at trial:

A. Physical bodily injury, medical expenses (past and future), and all other related and necessary expenses or losses caused by Defendant's negligence;

B. Lost wages and diminished earning capacity;

C. Past and future pain, suffering, discomfort, emotional distress, mental anguish, and shock;

D. Disability, scarring, and disfigurement;

E. Past and future loss of enjoyment and quality of life;

F. Loss of consortium including the loss of care, comfort, and society;

G. Loss of household services;

H. Punitive and exemplary damages for Defendant's acts, errors, and omissions which showed reckless disregard for Plaintiff's physical, emotional, and financial safety and well-being;

I. Litigation costs and expenses including expert witness and attorney's fees;

J. Pre- and post-judgment interest on all awarded damages;

K. An award of such other remedies and relief as this Court finds just and proper.

DATED this 26th day of February, 2021.

## VII. JURY DEMAND

Plaintiffs demand a jury trial.

*[signature]*

Jeremy J. Hugus, #7-4630
PLATTE RIVER INJURY LAW
123 South Beech Street
Casper, Wyoming 82601
P: (307) 215-9724
F: 1-844-416-9337
E: Hugus@PlatteRiverLaw.com

*Attorney for Plaintiffs*